AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 15, 2025, 2:13 pm (ea)
Lucy H. Carrillo, Clerk of Court

United States of America
v.
RENO MENDOZA

Defendant(s)

Case No. MJ 25-01069 WRP

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 14, 2025__ in the county of __Hawaii__ in the _____ District of __Hawaii__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) | Possession with intent to distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

HSI Special Agent Douglas Phillips
Printed name and title

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: 08/15/2025

City and state: Honolulu, Hawaii

_____
Wes Reber Porter
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, the undersigned complainant, being duly telephonically sworn, deposes and states as follows:

## **BACKGROUND**

1. I am currently employed as a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the HSI Resident Agent in Charge, Outer Islands Office. I have been employed as a Special Agent since March 2023. As part of my employment with HSI, I attended approximately six months of comprehensive law enforcement and investigative training at the Federal Law Enforcement Training Center ("FLETC"). The training successfully completed at the FLETC included, but was not limited to, general investigative techniques, criminal law, immigration law, handling of evidence, narcotics detection and identification, and trends in smuggling of contraband, among other topics. In my current assignment, I am responsible for investigating a broad scope of violations of federal law, including, but not limited to, narcotics-trafficking violations (Title 21, United States Code, Section 841 et seq.), violations of the Money Laundering Control Act (Title 18, United States Code, Section 1956 et seq.), and violations of the Bank Secrecy Act (Title 31, United States Code, Section 5324 et seq.). As a former Criminal Analyst assigned to the Hawaii Police Department ("HPD") and HSI, and as a Special Agent, I have conducted and

assisted in more than 100 investigations involving narcotics trafficking and the financial crimes specified above.

2.     I submit this affidavit in support of a Criminal Complaint for Reno MENDOZA, for one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A) and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). This affidavit is based upon my personal knowledge, my review of reports by other law enforcement officers, my communications with other law enforcement officers, information obtained from witnesses, and other evidence. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I or the government have learned during the course of the investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## **PROBABLE CAUSE**

3.     On August 14, 2025, Homeland Security Investigations ("HSI") and the Hawaii Police Department ("HPD") executed a State of Hawaii Search Warrant for the person and residence of Reno MENDOZA located at 16-1700 Uhini Ana Road in Mountain View, Hawaii.  As a result, law enforcement recovered the following items (not an exhaustive list), from within the residence:

a. Approximately 443.4 grams of suspected methamphetamine in a vacuum sealed plastic bag in a manilla envelope (found in a men's jacket pocket within MENDOZA's bedroom closet)

b. Approximately 279.19 grams of suspected methamphetamine in a plastic bag (found in a camouflage fanny pack located in MENDOZA's bedroom).

c. Approximately 13.98 grams of suspected methamphetamine in five (5) separate plastic zip packets (found in a camouflage fanny pack located in MENDOZA's bedroom).

d. Approximately 29.48 grams of suspected methamphetamine in gallon size plastic bag (found on dresser in MENDOZA's bedroom).

e. Approximately 9.52 grams of suspected methamphetamine in a glass jar (found on dresser in MENDOZA's bedroom).

f. Approximately 13.46 grams of suspected methamphetamine in six (6) separate plastic zip packets (found on dresser in MENDOZA's bedroom).

g. One (1) Marlin Model 1894 lever action rifle (found in MENDOZA's bedroom closet).

h. One (1) Glock 48 pistol bearing serial number BRLN840 loaded with eight (8) rounds of 9mm ammunition within the magazine (found in a black case near the foot of the bed in MENDOZA's bedroom).

i. One (1) Ruger 9mm pistol loaded with twelve (12) rounds of 9mm ammunition within the magazine (found in a black case near the foot of the bed in MENDOZA's bedroom).

j. One (1) privately manufactured un-serialized pistol loaded with sixteen (16) rounds of ammunition within the magazine (found in a black case near the foot of the bed in MENDOZA's bedroom).

k. One (1) HK MP5 semi-automatic rifle loaded with twenty (20) rounds of .22 caliber ammunition within the magazine (found in living room).

l. One (1) blue digital scale (found on dresser in MENDOZA's bedroom).

m. $3,823 US Currency (found in MENDOZA's bedroom)

4. The bedroom in which the above-described property was determined to be MENDOZA's bedroom based on the following facts: (i) A State of Hawaii Identification card, debit card, medical insurance card, and court documents

belonging to MENDOZA were found within the bedroom, (ii) law enforcement discovered MENDOZA in the bed inside the aforementioned bedroom when the search warrant was executed, (iii) statements in a post-arrest interview made by another party arrested during the incident indicated that the room belonged to MENDOZA.

5. On August 14, 2025, at approximately 6:40 a.m., Reno MENDOZA was placed under arrest on the strength of an outstanding State of Hawaii bench warrant.

6. Following the recovery of the suspected methamphetamine, law enforcement conducted presumptive drug tests of each of the recovered suspected methamphetamine. Each test resulted in a positive reaction for the presence of methamphetamine.

7. Based on my training and experience, and information conveyed to me by other law enforcement officers, I know that the seized quantity of methamphetamine is a distributable amount of the drug and not consistent with personal use. Additionally, methamphetamine is a Schedule II controlled substance.

8. Additionally, based on my training and experience, and information provided to me by other law enforcement officers and agents, I know both loaded and unloaded firearms have been recovered in close proximity to various quantities of drugs, and that the primary reason for this is because of the high cost of drugs, the

threat of a drug dealer falling victim to a robbery or similar violent act is amplified. For this reason, firearms are the most common tools drug traffickers use to protect themselves, their drug load, and their profits.

## INTERSTATE AND FOREIGN NEXUS

9. On August 15, 2025, Resident Agent in Charge Aaron Joseph with the Bureau of Alcohol, Tobacco, Firearms and Explosives, examined photographs of the Marlin Model 1894 lever action rifle seized from MENDOZA's closet. Based on his specialized training in, and experience with, evaluating interstate nexus of firearms, Resident Agent in Charge Joseph confirmed the firearm was not manufactured in the State of Hawaii. Because the firearm was manufactured outside the State of Hawaii, your Affiant respectfully submits there is also probable cause to believe that the firearm must have been shipped or transported in interstate and/or foreign commerce.

## CRIMINAL HISTORY/STATUS AS A CONVICTED FELON

10. I conducted checks on law enforcement databases and confirmed that MENDOZA was previously convicted of at least one felony offense. Specifically, on or about April 8, 2016, in State of Hawaii case number CR16-1-0096, MENDOZA was found guilty to violating HRS § HRS 712-1243(1), "Promoting a Dangerous Drug in the Third Degree," a Class C felony. For that conviction, MENDOZA was sentenced on or about September 26, 2016, to one year of

incarceration and four years of probation. As a result of his felony conviction, MENDOZA is prohibited from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1).

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

11. Based on the facts described above, and on my training and experience, I submit that there is probable cause to arrest the defendant Reno MENDOZA for Possession with Intent to Distribute 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

FURTHER AFFIANT SAYETH NAUGHT.

Douglas Phillips
Special Agent
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at ~~Xxxxxxx~~ on August 15, 2025.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4(d) and 4.1(b).



Wes Reber Porter
United States Magistrate Judge